IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CHERYL L. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 14-3001 |
| | ) | |
| CENTRAL MANAGEMENT | ) | |
| SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Plaintiff Cheryl L. Johnson filed a Complaint wherein she has asserted a number of employment discrimination claims. Pending before the Court is the Defendant's Motion to Dismiss.

I.

Plaintiff Cheryl L. Johnson filed a Pro Se Complaint. Subsequently, the Court appointed Counsel for the Plaintiff.

In her Complaint, the Plaintiff alleges she began her employment with the Department of Central Management Services (CMS), the Defendant, on November 1, 2006. The Plaintiff claims she experienced discrimination

based on her race and gender. Therefore, she filed a charge of discrimination with the Illinois Department of Human Rights (IDHR) and Equal Employment Opportunity Commission (EEOC) on April 11, 2012. The Plaintiff further asserts that on August 7, 2012, her employment with CMS was terminated.

On October 17, 2012, she filed a charge of retaliation with IDHR and EEOC. The Plaintiff claims that after filing the retaliation charge, she was coerced into withdrawing her first EEOC charge when she was promised a job at the Illinois Department of Public Health (IDPH). Despite her withdrawal of the charge, the Plaintiff did not receive the promised job. The Plaintiff alleges she would not have withdrawn the charge had she known CMS would prevent her from obtaining a job with the IDPH.

The Plaintiff asserts claims pursuant to Title VII of the Civil Rights Act, alleging she was discriminated against based on her sex and race and, further, that she was retaliated against for engaging in protected activity.

The Defendant contends the Plaintiff's Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief

can be granted. Additionally, the Defendant alleges the Plaintiff has waived her claims by signing an express agreement, which is attached to the Complaint as a Resolution Prior to Arbitration.

The Defendant further asserts that any claim based on a contract should be dismissed pursuant to Rule 12(b)(1) because such matters should be brought in the Illinois Court of Claims. However, the Plaintiff states she is not asserting a breach of contract claim.

## II.

At this stage, the Court accepts as true all of the facts alleged in the Complaint and draws all reasonable inferences therefrom. See Virnich v. Vorwald, 664 F.3d 206, 212 (7th Cir. 2011). "[A] complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis." Maddox v. Love, 655 F.3d 709, 718 (7th Cir. 2011) (internal quotation marks omitted). Courts must consider whether the complaint states a "plausible" claim for relief. See id. The complaint must do more than assert a right to relief that is "speculative." See id. However,

the claim need not be probable: "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."  See Independent Trust Corp. v. Stewart Information Services Corp., 665 F.3d 930, 935 (7th Cir. 2012) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  "To meet this plausibility standard, the complaint must supply 'enough fact to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations."  Id.

A. Sufficiency of facts

The Defendant first contends that the Complaint must be dismissed because it consists entirely of conclusory allegations.  She alleges no facts linking an adverse employment action to her race or gender.

In her response, the Plaintiff notes that Defendant's argument does not address the documents which are attached to and are central to the complaint.  Specifically, the charge of discrimination she filed with the EEOC states that Plaintiff was the only black female among her peers and she received disparate negative treatment and was denied the same

privileges as her white male peers in work assignments and disciplinary matters.

Upon reviewing the attachments to the complaint and after considering the Plaintiff's pro se status at the time of its filing, the Court finds that Plaintiff has alleged facts which are sufficient to withstand a motion to dismiss. Accordingly, the motion will be denied to the extent the Defendant seeks dismissal because the complaint includes only conclusory allegations.

B. Waiver of claims

Next, the Defendant alleges the Plaintiff waived all claims against CMS when she signed an agreement with the Defendant promising to refrain from pursuing any state or federal lawsuits arising out of the Plaintiff's discharge or the circumstances that led to the filing of the instant charges.

In construing a contract, a court must give effect to the intent of the parties and does not disturb an unambiguous agreement. See Hampton v. Ford Motor Co., 561 F.3d 709, 714 (7th Cir. 2009). "Where a contractual

release is clear and explicit, we must enforce it as written." Id. The party challenging the release must come forth with specific evidence which raises a question as to the release's validity. See id. at 716.

Attached to the Plaintiff's complaint is a document entitled "Resolution Prior to Arbitration" ("the Resolution"). Paragraph 5 of the Resolution provides, "The Union and the grievant, Cheryl Johnson, agree to refrain from initiating or pursuing against the Employer any other grievance, administrative or other judicial proceedings, including state and federal lawsuits, arising out of the discharge or the circumstances that led to the filing of the instant charges." The document is signed by the Defendant's representative, a Union representative and the Plaintiff. The Defendant claims that Plaintiff has not alleged she did not understand the agreement, wherein she agreed not to file lawsuits such as the one now before the Court.

The Defendant further asserts that Plaintiff cannot plausibly allege that Defendant breached the contract thereby rendering it null and void. The Plaintiff claims she was coerced into withdrawing her EEOC charge

with a promise of employment at the IDPH, stating in her complaint:

> After I filed the charge of retaliation, I was coercised [sic] into withdrawing my first EEOC charge. I was coercised [sic] because I was promised I would receive a job at the Illinois Department of Public Health if I withdrew the charge. After I withdrew the charge CMS submitted information to the Illinois Department of Public Health [which] resulted in me not receiving the job. I would not have withdrawn the charge if I would have known CMS was going to prevent me from getting employment with the Illinois Department of Public Health.

The Defendant contends there is no basis for asserting that one state agency could promise a person employment at a separate state agency. Moreover, the Resolution specifies the agreement between the parties. It contains no mention of employment at the IDPH or any other state agency. Rather, the Defendant agreed to purge the Plaintiff's personnel records of any mention of the discharge and retain a copy of the Plaintiff's voluntary resignation. The Resolution was signed by the Plaintiff and dated October 31, 2012.

In her response, the Plaintiff contends she has alleged sufficient facts to question the validity of the release. The Plaintiff claimed there were promises of additional consideration in exchange for her execution of that

document which were never delivered and, despite the language of the Resolution, she understood she would be granted alternate employment in another state agency.

Because this matter is pending on a motion to dismiss, the Court will allow the case to proceed based on the Plaintiff's allegations. Although the Court is crediting the facts alleged by the Plaintiff in considering the motion, the Plaintiff will need to produce evidence of these alleged promises in order for the case to proceed past summary judgment.

<u>Ergo</u>, the Defendant's Motion to Dismiss [d/e 8] is DENIED.

This action is referred to United States Magistrate Judge Tom Schanzle-Haskins for the purpose of scheduling a discovery conference.

ENTER: October 29, 2014

FOR THE COURT:

s/Richard Mills
Richard Mills
United States District Judge