IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CHERYL L. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 14 cv 3001 |
| | ) |
| THE ILLINOIS DEPARTMENT OF | ) |
| CENTRAL MANAGEMENT SERVICES, | ) |
| | ) |
| Defendant. | ) |

**PRE-TRIAL ORDER**

This matter came before the Court for a pre-trial conference held pursuant to Rule 16 of
the Federal Rules of Civil Procedure and Local Rule 16.1(E) on August 31, 2018.  James P.
Baker appeared on behalf of the Plaintiff, Cheryl L. Johnson ["Johnson"], and Deborah Barnes
appeared on behalf of the Defendant, the Illinois Department of Central Management Services
["CMS"].

**STATEMENT OF JURISDICTION AND NATURE OF THE CLAIM**

This action is maintained under the terms of Title VII of the "Civil Rights Act of 1964"
(42 U.S.C. §2000e).  The jurisdiction of this Court was invoked pursuant to the terms of Title 42,
United States Code, Sections 2000e(3) and 2000e-5 and 28 United States Code, Sections 1331
and 1362.

Johnson alleges that her employment with CMS was terminated on account of her status
as an African American female in the sense that she was treated less favorably with respect to
work requirements than a similarly situated male Caucasian employee, Ed Gordon.  CMS denies

that either Johnson's race or gender played any role in its decision to terminate her and denies
that she was treated differently than any similarly situated male Caucasian employee.

## UNCONTESTED ISSUES OF FACT

Appended to this order as Exhibit A is a stipulation previously entered into by the parties
of uncontested facts.

## UNCONTESTED ISSUES OF LAW

1. Johnson timely initiated the above captioned proceeding as well as the administrative
proceeding before the Illinois Department of Human Rights as required by the laws referred to
above.

2. CMS is an employer within the meaning of Title VII of the "Civil Rights Act of
1964."

3. The material adverse employment action taken by CMS was its dismissal of Johnson.

4. Johnson and Ed Gordon, as Public Service Administrators in the Bureau, were
similarly situated.

## CONTESTED ISSUES OF FACT[1]

1. Whether Ed Gordon received better treatment than did Johnson.

2. Whether CMS had legitimate, nondiscriminatory reasons for dismissing Johnson.

3. Whether Johnson's race or gender played any role in the decision of CMS to terminate

---

[1] Earlier in this case, CMS asserted that Johnson's claims are barred by the terms of a
document she signed resolving a grievance following her termination.  CMS has withdrawn that

Johnson.

    4.  Whether Johnson sustained damages to the extent claimed by her.

## CONTESTED ISSUES OF LAW

    1.  Whether Ed Gordon received better treatment than did Johnson.

    2.  Whether CMS had legitimate, nondiscriminatory reasons for dismissing Johnson.

    3.  Whether Johnson's race, gender or both played any role in the decision of CMS to terminate Johnson.

    4.  Whether the reason CMS advances for terminating Johnson is pretextual?

## STIPULATED USE OF DEPOSITIONS

Both parties also reserve the right to offer into evidence any depositions, or portions thereof, as provided for as to parties and non-party witnesses under the Federal Rule of Civil Procedure.

## WITNESSES

Appended to this Order as Exhibits B and C are the witnesses that Johnson and CMS respectively intend to call at trial.

## JURY DEMAND

Johnson has previously demanded that all the issues in this proceeding be tried by jury. Because no waiver of that demand has been made, this proceeding shall be tried before a jury.

---

defense and it is no longer an issue in this case.

## EXHIBITS

Appended to this order as Exhibits D and E are the exhibit lists of Johnson and CMS
respectively, which each intends to admit into evidence at trial.

## DAMAGES

Johnson seeks monetary damages for lost wages and fringe benefits in the form of paid
health insurance and employer contributions to the State Retirement System covering the time
period between the date Johnson was discharged and the present. Additionally, Johnson seeks
compensatory damages for mental and emotional distress, embarrassment, humiliation and the
loss of enjoyment of life.

CMS denies Johnson's entitlement to an award of damages.

## PROPOSED JURY INSTRUCTIONS

Appended to this order as Exhibits F and G are the jury instructions of Johnson and CMS
respectively.

## GENERAL ADDITIONAL

Neither side shall present evidence through the use of expert witnesses.

A party may supplement a list of witnesses or exhibits only upon good cause shown in a
motion filed and served upon the other party prior to trial; except that, upon the development of
testimony fairly shown to be unexpected, any party may, with leave of court, call such contrary
witnesses or use such exhibits as may be necessary to counter the unexpected evidence, although

not previously listed, and without prior notice of any other party.

It is mutually estimated that the length of trial will be three (3) full days.

The parties may submit trial briefs and motions in limine on or before __**13 Aug 18**__.
Responses, if any, shall be submitted on or before __**20 Aug 18**__.

This pre-trial order may be modified at the trial of the action, or prior thereto, to prevent

manifest injustice. Such modification may be made either on motion of counsel for any party or

on the Court's own motion.

__**31 July 2018**__                                      __**s/Richard Mills**__
DATE                                                            JUDGE

Approved as to form and substance:

CHERYL L. JOHNSON

By:___s/ James P. Baker___
        Her Attorney

James P. Baker
Bar Number: 0097802
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois  62701
Telephone: (217) 522-3445
E-mail: cm@bbklegal.com
(Pretrial/johnsonc pretrial order 071718)

THE ILLINOIS DEPARTMENT OF CENTRAL
MANAGEMENT SERVICES

By:___s/ Deborah Barnes (w/consent)___
        One of its Attorneys

Deborah Barnes
Office of the Illinois Attorney General
500 South Second Street
Springfield, Illinois  62701
Phone: (217) 782-9026
Email: dbarnes@atg.state.il.us

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CHERYL L. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14 cv 3001 |
| | ) | |
| THE ILLINOIS DEPARTMENT OF | ) | |
| CENTRAL MANAGEMENT SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

**STATEMENT OF UNCONTESTED FACTS**

COMES NOW the Plaintiff, Cheryl Johnson ["Johnson"], by and through her attorney, James P. Baker, and the Defendant, Illinois Department of Central Management Services ["CMS"], by and through its attorney, Deborah Barnes, and do by this instrument stipulate and agree that certain facts are not in dispute in the above captioned proceeding. The parties further agree that the following statement of uncontested facts may be read to the finder of fact and be considered by it along with all other evidence presented in this proceeding in deciding the issues in dispute in the above proceeding.

The statement of facts which are not in dispute are as follows:

1. Johnson, an African-American female, began working for CMS on November 1, 2006. She worked in its Bureau of Communications and Computer Services ["Bureau"].

2. Johnson initially supervised a software administration group in Mid Range Wintel. In May of 2008 she was reassigned to manage a Mid Range Wintel hardware group. Immediately prior to Johnson's assignment to the hardware group, it was supervised by Ed Gordon, a

Caucasian male, who was also a Public Service Administrator. Upon leaving the hardware group, Gordon was reassigned to a Mid Range Wintel software group.

3. Midrange Wintel was a computer hardware and software infrastructure that permitted state employees to use various computers to perform certain tasks their work required. The units that executed the functions of this infrastructure consisted of various groups.

4. While she worked in the Bureau, Johnson, a Public Service Administrator, supervised a team of subordinate employees.

5. State employees who were having a particular difficulty, issue or malfunction with their computers, or the software they are using, request assistance by contacting the "Help Desk". The employees at the Help Desk decide which group is responsible for handling a particular issue, and they assign the issue to a group in the form of a "ticket" which is created by a program called "Remedy". "Remedy" was used to keep track of which group and employee took which ticket and how the ticket was resolved.

6. Technicians working in the various groups were responsible for resolving tickets.

7. The managers working in the various groups which included Ms. Johnson, were also required to resolve tickets.

8. A server is a device that provides functionality to other devices which CMS called "clients". Servers can provide various functionalities often called "services", such as sharing data resources among multiple clients.

9. While Johnson worked in the Bureau, it was headed by Kevin Rademacher, a male Caucasian. Don Warren, a male Caucasian, worked in the Bureau as the Data Center manager. Rod Nance, a male Caucasian, served the Bureau as the Mid Range Wintel Manager.

Page 2 of 3

CHERYL L. JOHNSON

By:___s/ James P. Baker
             Her Attorney

James P. Baker
Bar Number: 0097802
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois  62701
Telephone:  (217) 522-3445
Facsimile:  (217) 522-8234
E-mail: cm@bbklegal.com
(Pretrial/johnsonc uncontested facts 073018)

THE ILLINOIS DEPARTMENT OF CENTRAL
MANAGEMENT SERVICES

By:___s/ Deborah Barnes (w/consent)
             One of its Attorneys

Deborah Barnes
Office of the Illinois Attorney General
500 South Second Street
Springfield, Illinois  62701
Phone: (217) 782-9026
Email: dbarnes@atg.state.il.us

AO 187 (Rev. 7/87) Exhibit and Witness List

# UNITED STATES DISTRICT COURT

CENTRAL     DISTRICT OF     ILLINOIS

CHERYL JOHNSON, Plaintiff

V.

ILLINOIS DEPARTMENT OF CENTRAL
MANAGEMENT SERVICES, Defendant

## EXHIBIT AND WITNESS LIST

Case Number:  14-3001

| PRESIDING JUDGE | | | | | PLAINTIFF'S | DEFENDANT'S ATTORNEY |
|---|---|---|---|---|---|---|
| Honorable Richard Mills | | | | | James P. Baker | Deborah Barnes/Dylan Grady |
| TRIAL DATE (S) | | | | | COURT REPORTER | COURTROOM DEPUTY |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| | | | | | Cheryl Johnson |
| | | | | | Edward Gordon |
| | | | | | Billy Foster |
| | | | | | Rod Nance - adverse witness |
| | | | | | Don Warren - adverse witness |
| | | | | | Jo Higgerson |
| | | | | | Gary Wasilewski |
| | | | | | Lisa Rush |
| | | | | | Dan O'Nan |
| | | | | | Roger Priestey |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | In addition to the foregoing individuals, the Plaintiff reserves the right to call any individuals identified on the Defendant's witness list |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.



EXHIBIT

B

DUE TO PRIVACY ISSUES THE WITNESS

LISTS HAVE BEEN REMOVED FROM THE

FINAL PRETRIAL ORDER


THE WITNESS LISTS WILL BE MAILED

CONVENTIONALLY TO ATTORNEYS OF

RECORD AND/OR PRO SE PARTIES

AO 187A (Rev. 7/87)    **EXHIBIT AND WITNESS LIST – CONTINUATION**    EXHIBIT

| | | Davis | | | vs. | Board of Education | CASE NO. 12- |
|---|---|---|---|---|---|---|---|

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS AND WITNESSES |
|---|---|---|---|---|---|
| | | | | | The Plaintiff reserves the right to offer any exhibits contained on the Defendant's exhibit list |
| 1 | | | | | Position Description public service administrator Midrange Wintel Hardware Implementation & Maintenance Unit |
| 2 | | | | | Johnson's performance evaluation while working in the software unit |
| 3 | | | | | Johnson's performance evaluations while working in the hardware unit |
| 4 | | | | | Johnson performance evaluations July 1, 2015 to June 30, 2016 and July 1, 2016 to June 30, 2017 while working for the Illinois Department of Human Services |
| 5 | | | | | Samples of Rod Nance emails to Johnson relating to not meeting objectives |
| 6 | | | | | Johnson's response to Nance dated August 13, 2010 relating to not meeting an objective |
| 7 | | | | | Johnson response to Nance dated August 8, 2011 relating to Objective Not Met |
| 8 | | | | | Steps to create a decommission ticket |
| 9 | | | | | Physical Server Decommission Wintel Process |
| 10 | | | | | Johnson email to James Driscoll dated October 22, 2009 [Example of email Johnson sent to clients with every decommission request] |
| 11 | | | | | Example of Johnson's Weekly Low On Disk Space Reporting dated May 30, 2012 |
| 12 | | | | | Low On Disk Space Alleviation Plan dated July 31, 2012 |
| 13 | | | | | Email to Nance from Johnson dated June 5, 2012 re: Tuesday, Low On Disk Space Reporting |
| 14 | | | | | Group Exhibit: Examples of Johnson's emails to technicians regarding past due tasks |
| 15 | | | | | Example of a Low On Disk Space ["WUG"] Report |
| 16 | | | | | Excerpt of Rod Nance Notes dated April 26, 2010 to April 29, 2010 |
| 17 | | | | | Group Exhibit: July 13, 2010 email from Warren Foster to Diane Barghouti re: DHS migrations, Example of a Server Upgrade Schedule dated August 14, 2011 to September 28, 2012 |
| 18 | | | | | Report showing Help Desk tickets updated by Johnson on April 15, 2011 |

| 19 | | | | Nance April 24, 2012 email to Don Warren, Johnson re: Tickets |
|---|---|---|---|---|
| 19a | | | | Excerpt of Johnson Performance Evaluation dated 11-1-10 to 11-1-11 |
| 20 | | | | Johnson email to Rod Nance dated July 23, 2012 re: Wednesday Objective not met regarding tasks not completed by technicians in other areas |
| 21 | | | | Excerpt of Remedy Report of Help Desk Tickets and Related Tasks containing October 2010 entries |
| 22 | | | | Johnson Training Requests |
| 23 | | | | CCF 2nd Floor Plan (Office Layout) |
| 24 | | | | Examples of Rod Nance emails to Johnson |
| 25 | | | | Ed Gordon Deposition transcript excerpts |
| 26 | | | | Ed Gordon Performance Appraisal May 1, 2007 to May 1, 2008 |
| 27 | | | | Johnson Supplemental Document Production Request |
| 28 | | | | Remedy Report: Help Desk Tickets assigned in Johnson's name (November 1, 2008 to July 28, 2012) |
| 29 | | | | Change and Related Tasks Remedy Report assigned in Johnson's name (November 1, 2008 to August 3, 2012) |
| 30 | | | | Remedy Report: Task Remedy Report tickets assigned in Johnson's name (November 3, 2008 to August 7, 2012) |
| 31 | | | | Remedy Report: Task Tickets assigned in the name of Ed Gordon (November 1, 2006 to December 31, 2008) |
| 32 | | | | Remedy Report: Change and Related Task Tickets assigned in the name of Ed Gordon (November 1, 2006 to December 31, 2008) |
| 33 | | | | Remedy Reports: Help Desk Tickets assigned in the name of Ed Gordon (November 1, 2006 to December 31, 2008) |
| 34 | | | | Remedy Report: Task Tickets assigned in the name of Ed Gordon (November 1, 2008 to August 7, 2012) |
| 35 | | | | Remedy Report: Change and Related Task Tickets assigned in the name of Ed Gordon (November 1, 2008 to August 7, 2012) |
| 36 | | | | Remedy Report: Help Desk Tickets assigned in the name of Ed Gordon (November 1, 2008 to August 7, 2012) |
| 37 | | | | Johnson Group Exhibit W2s and 1099s 2008 to 2017 |
| 38 | | | | State Retirement System Notice of Pension Refund |
| 39 | | | | Excerpts of Agreement between Council 31 AFSCME and the State of Illinois Department of Central Management Services |
| | | | | |

**Exhibit F**

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CHERYL L. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14 cv 3001 |
| | ) | |
| THE ILLINOIS DEPARTMENT OF | ) | |
| CENTRAL MANAGEMENT SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>PROPOSED JURY INSTRUCTIONS</u>

COMES NOW the Plaintiff, Cheryl Johnson, by and through her attorney, James P.

Baker, and through this instrument submits proposed jury instructions.


CHERYL L. JOHNSON

By:   s/ James P. Baker
Her Attorney

James P. Baker
Bar Number:  0097802
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois  62701
Telephone:  (217) 522-3445
Facsimile:  (217) 522-8234
E-mail:  cm@bbklegal.com
(Pretrial/johnsonc proposed jury instructions 073118)

Page 1 of 2

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Deborah Barnes
Office of the Illinois Attorney General
500 South Second Street
Springfield, Illinois  62701
Phone:  (217) 782-9026
Email:  dbarnes@atg.state.il.us

By:  s/ James P. Baker
                Baker, Baker & Krajewski, LLC

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Plaintiff's Instruction No. 1

7th Circuit Pattern Instruction 1.01

During this trial, I have asked a witness a question myself.  Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Plaintiff's Instruction No. 2

7th Circuit Pattern Instruction 1.02

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

You must accept those facts as proved.

Plaintiff's Instruction No. 3

7th Circuit Pattern Instruction 1.04

During the trial, certain testimony was presented to you by the reading of depositions. You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

Plaintiff's Instruction No. 4

7th Circuit Pattern Instruction 1.05

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Plaintiff's Instruction No. 5

7th Circuit Pattern Instruction 1.06

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Plaintiff's Instruction No. 6

7th Circuit Pattern Instruction 1.08

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Plaintiff's Instruction No. 7

7th Circuit Pattern Instruction 1.09

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Plaintiff's Instruction No. 8

7th Circuit Pattern Instruction 1.11

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a the witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Plaintiff's Instruction No. 9

7th Circuit Pattern Instruction 1.12

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

Plaintiff's Instruction No. 10

7th Circuit Pattern Instruction 1.13

You may consider statements given by a party or witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

If you decide that, before the trial, one of these witnesses made a statement not under oath that is inconsistent with his testimony here in court, you may consider the earlier statement only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Plaintiff's Instruction No. 11

7th Circuit Pattern Instruction 1.14 (modified)

It is proper for a lawyer to meet with any witness in preparation for trial.

Plaintiff's Instruction No. 12

7th Circuit Pattern Instruction 1.16

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number.  You need not accept the testimony of the larger number of witnesses.

Plaintiff's Instruction No. 13

7th Circuit Pattern Instruction 1.17

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Plaintiff's Instruction No. 14

7th Circuit Pattern Instruction 1.27

The Defendant is a public body and can act only through its officers and employees.  Any act or omission of an officer or employee within the scope of his or her office or employment is the action or omission of the Defendant public body.

Plaintiff's Instruction No. 14A

IPI 50.11 (modified)

The Plaintiff, an African-American female, claims in this case that the Defendant violated her rights under Title VII of the "Civil Rights Act of 1964" causing her damage by discriminating against her on the basis of her race, gender or both. Specifically, the Plaintiff claims that the Defendant terminated her from employment with it based upon her failure to properly perform her duties as a Public Service Administrator. She further claims that the Defendant treated her less favorably than it treated a similarly situated male Caucasian employee in terms of the work assignments given her and the manner in which her performance was evaluated.

The Plaintiff claims that she was damaged in two separate respects. First, she lost salary and certain fringe benefits she was entitled to receive as an employee of the Defendant following her termination on August 7, 2012. Second, because she was terminated, Plaintiff claims that she sustained emotional distress, mental anguish, embarrassment and the loss of enjoyment of life.

The Defendant admits that it terminated the Plaintiff. It denies that any similarly situated male Caucasian employee was treated better than she. It denies that it discriminated against the Plaintiff on the basis of her race, gender or both. It denies that the Defendant sustained any damages.

The issue for you to decide is whether the Plaintiff is entitled to any damages and, if so, the amount of damages she is entitled to receive from the Defendant.

Plaintiff's Instruction No. 15

In order for a male Caucasian employee of the Defendant to be considered similarly situated to the Plaintiff that employee must have enough in common with the Plaintiff to make a meaningful comparison. This does not mean, however, that such an employee must be identical to the Plaintiff in every way. In determining whether an employee of the Defendant was similarly situated to the Plaintiff you may consider all relevant factors including whether that employee and the Plaintiff: 1) dealt with the same supervisor; 2) were subject to the same standards; 3) held similar positions; and 4) engaged in similar conduct.

Plaintiff's Instruction No. 16

*Coleman v. Donahue,* 4667 F.3d 835, 846-847 (7th Cir.2012)

The Plaintiff claims that in being terminated by Defendant she was treated differently and less favorably because of her race, gender or both.  To succeed on this claim, Plaintiff must prove it by a preponderance of the evidence.  To determine whether the Plaintiff, in being terminated, was treated differently and less favorably because of her race, gender or both, you must decide whether the Defendant would have terminated Plaintiff had she been a Caucasian or a male and everything else had been the same.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you must find for Plaintiff.  However, if you find that Plaintiff did not prove this by a preponderance of the evidence, then you must find for Defendant.

Plaintiff's Instruction No. 17

7th Circuit Pattern Instruction 3.01 (modified)

*Gehring v. Case Corp.,* 43 F.3d 340, 344 (7th Cir.1994)

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you. If you find for the Plaintiff, use Verdict form A. If you find for the Defendant, use Verdict Form B.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

Plaintiff's Instruction No. 18

7th Circuit Pattern Instruction 1.32

## VERDICT FORM A

We, the Jury, find for the Plaintiff, Cheryl Johnson, and against the Defendant, Illinois Department of Central Management Services.

_____
FOREPERSON

_____

_____

_____

_____

_____

_____

Plaintiff's Instruction No. 19

## VERDICT FORM B

We, the Jury, find for the Defendant, Illinois Department of Central Management Services, and against the Plaintiff, Cheryl Johnson.

_____
FOREPERSON

_____

_____

_____

_____

_____

_____

Plaintiff's Instruction No. 20

You have already found the Defendant liable to the Plaintiff. You must now decide the damages she sustained as a result of the Defendant's conduct. You need only decide what damages the Plaintiff sustained as a result of the Defendant's conduct and what amount of money will reasonably compensate her for these damages. The Plaintiff has the burden of proving the damages she sustained as a result of the Defendant's conduct.

If you find with respect to her claim of damages that Plaintiff has proven her claim by a preponderance of the evidence, then the Plaintiff is allowed to recover and you should award damages for her claim.

If, on the other hand, you find with respect to her claim of damages that the claim has not been proved by a preponderance of the evidence, then you should make no award of damages as to that claim.

Plaintiff's Instruction No. 21

You may award the Plaintiff as damages any lost wages and benefits she would have received from the Defendant if she had not been terminated from her employment with the Defendant for the time period between August 7, 2012 and the present. It is Plaintiff's burden to prove that she lost wages and benefits during that time period and their amount. If she fails to do so for any period of time for which she seeks damages, then you may not award damages for that time period.

Plaintiff's Instruction No. 22

7th Circuit Pattern Instruction 3.11 (modified)

You may award compensatory damages only for injuries that the Plaintiff has proved by a preponderance of the evidence were caused by Defendant's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure. You should consider the following types of compensatory damages, and no others:

1. The mental/emotional pain and suffering that Plaintiff has experienced and is reasonably certain to experience in the future.

No evidence of the dollar value of mental/emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury she has sustained.

Plaintiff's Instruction No. 23

7th Circuit Pattern Instruction 3.10 (modified)

42 U.S.C. Section 1981a(b)

Your verdict as to damages must be unanimous.

Forms of verdict are supplied with these instructions.  After you have reached your verdict, fill in and sign the appropriate form of verdict and return it to the court.  The verdict should be signed by each of you.  You should not write or mark upon this or any of the other instructions given you by the court.

Plaintiff's Instruction No. 24

We, the Jury, award to the Plaintiff, Cheryl Johnson, and against the Defendant

damages in the sum amount of $_____.


_____

FOREPERSON


_____

_____

_____

_____

_____

_____

_____


Plaintiff's Instruction No. 25