Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

GIVEN_____X_____
REFUSED_____
WITHDRAWN_____
    RICHARD MILLS
  U.S. DISTRICT JUDGE

Plaintiff's Instruction No. 1

7th Circuit Pattern Instruction 1.01

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

GIVEN_____X_____
REFUSED_____
WITHDRAWN_____
    RICHARD MILLS
  U.S. DISTRICT JUDGE

Plaintiff's Instruction No. 2

7th Circuit Pattern Instruction 1.02

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

You must accept those facts as proved.

GIVEN __X__
REFUSED _____
WITHDRAWN _____
RICHARD MILLS
U.S. DISTRICT JUDGE

Plaintiff's Instruction No. 3

7th Circuit Pattern Instruction 1.04

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

GIVEN____✗_____
REFUSED_____
WITHDRAWN_____
RICHARD MILLS
U.S. DISTRICT JUDGE

Plaintiff's Instruction No. 5

7th Circuit Pattern Instruction 1.06

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

GIVEN __X__
REFUSED_____
WITHDRAWN_____
RICHARD MILLS
U.S. DISTRICT JUDGE

Plaintiff's Instruction No. 6

7th Circuit Pattern Instruction 1.08

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

GIVEN __X__
REFUSED _____
WITHDRAWN _____
RICHARD MILLS
U.S. DISTRICT JUDGE

Plaintiff's Instruction No. 8

7th Circuit Pattern Instruction 1.11

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a the witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

GIVEN_____X_____
REFUSED_____
WITHDRAWN_____
       RICHARD MILLS
    U.S. DISTRICT JUDGE

Plaintiff's Instruction No. 9

7th Circuit Pattern Instruction 1.12

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

GIVEN____X_____
REFUSED_____
WITHDRAWN_____
RICHARD MILLS
U.S. DISTRICT JUDGE

Plaintiff's Instruction No. 10

7th Circuit Pattern Instruction 1.13

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

GIVEN  X
REFUSED
WITHDRAWN
RICHARD MILLS
U.S. DISTRICT JUDGE

Plaintiff's Instruction No. 13

7th Circuit Pattern Instruction 1.17

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

GIVEN __X__
REFUSED_____
WITHDRAWN_____
RICHARD MILLS
U.S. DISTRICT JUDGE

Plaintiff's Instruction No. 14

7th Circuit Pattern Instruction 1.27

The Plaintiff, an African-American female, claims in this case that the Defendant violated her rights under Title VII of the "Civil Rights Act of 1964" causing her damage by discriminating against her on the basis of her race, gender or both. Specifically, the Plaintiff claims that the Defendant terminated her from employment with it based upon her failure to properly perform her duties as a Public Service Administrator. She further claims that the Defendant treated her less favorably than it treated a similarly situated male Caucasian employee in terms of the work assignments given her and the manner n which her performance was evaluated.

The Defendant admits that it terminated the Plaintiff. It denies that any similarly situated male Caucasian employee was treated better than she. It denies that it discriminated against the Plaintiff on the basis of her race, gender or both.

GIVEN_____X_____
REFUSED_____
WITHDRAWN_____
RICHARD MILLS
U.S. DISTRICT JUDGE

Plaintiff's Instruction 15a

In order for a male Caucasian employee of the Defendant to be considered similarly situated to the Plaintiff that employee must have enough in common with the Plaintiff to make a meaningful comparison. This does not mean, however, that such an employee must be identical to the Plaintiff in every way. In determining whether an employee of the Defendant was similarly situated to the Plaintiff you may consider all relevant factors including whether that employee and the Plaintiff: 1) dealt with the same supervisor; 2) were subject to the same standards; 3) held similar positions; and 4) engaged in similar conduct.

GIVEN_____X_____
REFUSED_____
WITHDRAWN_____
    RICHARD MILLS
    U.S. DISTRICT JUDGE

Plaintiff's Instruction No. 16

*Coleman v. Donahue*, 4667 F.3d 835, 846-847 (7th Cir.2012)

The Plaintiff claims that in being terminated by Defendant she was treated differently and less favorably because of her race, gender or both. In other words her race, gender or both was a motivating factor for her discharge. To succeed on this claim, Plaintiff must prove it by a preponderance of the evidence to determine whether the Plaintiff, in being terminated, was treated differently and less favorably because of her race, gender or both, you must decide whether the Defendant would have terminated Plaintiff had she been a Caucasian or a male and everything else had been the same.

If you find that the Plaintiff has proved this by a preponderance of the evidence, then you must find for Plaintiff. However, if you find that Plaintiff did not prove this by a preponderance of the evidence, then you must find for Defendant.

GIVEN_____X_____
REFUSED_____
WITHDRAWN_____
   RICHARD MILLS
 U.S. DISTRICT JUDGE

Plaintff's Instruction 17a

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you. If you find for the Plaintiff, use Verdict form A. If you find for the Defendant, use Verdict Form B.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

GIVEN ___X___
REFUSED _____
WITHDRAWN _____
RICHARD MILLS
U.S. DISTRICT JUDGE

Plaintiff's Instruction No. 18

7th Circuit Pattern Instruction 1.32

## VERDICT FORM A

We, the Jury, find for the Plaintiff, Cheryl Johnson, and against the Defendant, Illinois Department of Central Management Services.

_____
FOREPERSON

_____
_____
_____
_____
_____
_____
_____

GIVEN_____X_____
REFUSED_____
WITHDRAWN_____
    RICHARD MILLS
  U.S. DISTRICT JUDGE

Plaintiff's Instruction No. 19

VERDICT FORM B

We, the Jury, find for the Defendant, Illinois Department of Central Management Services, and against the Plaintiff, Cheryl Johnson.

_____
FOREPERSON

_____
_____
_____
_____
_____
_____
_____

GIVEN____X_____
REFUSED_____
WITHDRAWN_____
RICHARD MILLS
U.S. DISTRICT JUDGE

Plaintiff's Instruction No. 20